**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-6108

ANTWON G. WHITTEN,

Plaintiff - Appellant,

v.

WILLIAM A. GUNTER, WRSP K-9 Correctional Officer (Strike Force); D.T. COOK, WRSP Correctional Officer (Strike Force); A. LAWSON, WRSP Correctional Officer,

Defendants - Appellees,

and

HAROLD CLARKE, VA-DOC Director; DAVID ANDERSON, WRSP Major; K.M. FLEMING, WRSP Lieutenant Institutional Investigator; B. J. RAVIZEE, WRSP Institutional Ombudsman; MARCUS ELAM, Roanoke's Regional Ombudsman,

Defendants.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Elizabeth Kay Dillon, District Judge. (7:16-cv-00195-EKD-RSB)

Submitted: November 29, 2018                    Decided: December 17, 2018

Before WILKINSON, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Antwon Whitten, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On October 31, 2015, an altercation broke out between Virginia prisoner Antwon G. Whitten and his cellmate, Craig Brown, when Whitten attacked Brown with a shard of broken glass in their cell at Wallens Ridge State Prison ("WRSP"). Correctional Officers William A. Gunter and D.T. Cook responded to Correctional Officer A. Lawson's radio call for assistance. In the course of the incident, Officer Gunter engaged his canine partner on Whitten. The dog first grabbed Whitten by the head and then by the back, causing substantial injuries. Whitten filed a 42 U.S.C. § 1983 (2012) complaint alleging, inter alia, that Gunter used excessive force against him in violation of the Eighth and Fourteenth Amendments and that Cook and Lawson violated his constitutional rights by failing to intervene. The case proceeded to trial by jury and judgment was entered in favor of Defendants.[*] Whitten appeals, challenging the district court's order granting judgment as a matter of law in favor of Cook and Lawson and the district court's order entered in accordance with the jury's verdict finding for Gunter. We affirm.

Whitten contends that the district court erred by granting judgment of a matter of law, pursuant to Fed. R. Civ. P. 50, in favor of Defendants Cook and Lawson. "We review the district court's grant of a Rule 50 motion de novo, viewing the evidence in the light most favorable to the party opposing the motion, . . . and drawing all reasonable inferences in [his] favor." *A Helping Hand, LLC v. Balt. Cty.*, 515 F.3d 356, 365 (4th

---

[*] Whitten's claims against other defendants were dismissed before trial and are not the subject of this appeal.

3

Cir. 2008). "If, upon the conclusion of a party's case, 'a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue,' a court may grant a motion from the opposing party for judgment as a matter of law." *Huskey v. Ethicon, Inc.*, 848 F.3d 151, 156 (4th Cir.) (quoting Fed. R. Civ. P. 50(a)), *cert. denied*, 138 S. Ct. 107 (2017). In making this determination, a court "may not make credibility determinations or weigh the evidence," and "it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).

Whitten asserted that Cook and Lawson were liable for his injuries because they could have intervened and prevented Gunter from releasing the dog on Whitten. "To succeed on a theory of bystander liability," Whitten had to show that Cook and Lawson "(1) knew that a fellow officer was violating [his] constitutional rights; (2) had a reasonable opportunity to prevent the harm; and (3) chose not to act." *Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 417 (4th Cir. 2014) (alterations and internal quotation marks omitted). Neither Cook nor Lawson were in the cell or could even see into the cell when Gunter released his dog on Whitten. Therefore, there was no evidence that they could have intervened to stop Gunter from engaging his dog on Whitten. Thus, we conclude that district court properly granted the motion for judgment as a matter of law in favor of Lawson and Cook. In any event, as discussed below, the evidence ultimately established that Gunter did not violate Whitten's rights and therefore there was no constitutional harm for Lawson and Cook to intervene to prevent.

4

Turning to the judgment in favor of Gunter, we will reverse a jury's verdict only when there is a complete absence of probative facts to support the jury's conclusions. *Sherrill White Constr., Inc. v. South Carolina Nat'l Bank*, 713 F.2d 1047, 1050 (4th Cir. 1983). The "verdict must stand if, taking the evidence in the light most favorable to the [prevailing party], there [is] 'any substantial evidence' to support it." *Vodrey v. Golden*, 864 F.2d 28, 30 n.4 (4th Cir. 1988) (quoting *Evington v. Forbes*, 742 F.3d 834, 835 (4th Cir. 1984)). "Substantial evidence . . . is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, even if different conclusions also might be supported by the evidence." *Gibralter Sav. v. LDBrinkman Corp.*, 860 F.2d 1275, 1297 (5th Cir. 1988). Finally, in reviewing a jury verdict, we do not weigh the evidence or review witness credibility. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989).

Whitten claims that Gunter used excessive force against him, in violation of his Eighth and Fourteenth Amendment rights, when he released his dog on Whitten. "In the prison context, [the Eighth Amendment] protects inmates from inhumane treatment and conditions while imprisoned." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (internal quotation marks omitted). To state a cognizable claim for relief, a prisoner must show that "the prison official acted with a sufficiently culpable state of mind (subjective component) and [that] the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Id*. (internal quotation marks omitted).

Where an inmate alleges that he was subjected to excessive force, the reviewing court should focus primarily on the nature of the force used. *Hill v. Crum*, 727 F.3d 312, 320–21 (4th Cir. 2013). The inmate must demonstrate that, subjectively, the official

5

applied force "maliciously and sadistically for the very purpose of causing harm" rather than "in a good-faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (internal quotation marks omitted); *see Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam). Factors to consider in making this determination are "(1) 'the need for the application of force'; (2) 'the relationship between the need and the amount of force that was used'; (3) the extent of any reasonably perceived threat that the application of force was intended to quell; and (4) 'any efforts made to temper the severity of a forceful response.'" *Iko*, 535 F.3d at 239 (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).

Viewed in the light most favorable to Gunter, there was substantial evidence to support a finding that the correctional officer released his dog on Whitten in a good faith effort to restore discipline rather than maliciously and sadistically to cause harm. Evidence presented at trial showed that Whitten and Brown were fighting and ignored verbal commands to stop. Even two separate bursts of OC spray failed to stop the fighting. Gunter testified that, when he looked in the cell, he observed the inmates fighting and saw blood everywhere. Spotting a weapon in Whitten's hand, Gunter alerted the control room officer to open the cell door. As it opened, Gunter testified that Whitten was on top of Brown, making stabbing motions towards Brown. Gunter stated that he warned Whitten to drop the weapon, the situation was critical, and he quickly intervened because Brown was under extreme risk of further injury or death. Therefore, Gunter engaged the dog on Whitten. Gunter kept the dog on Whitten long enough to stop the fight, get Brown safely out of harm's way, and to get Whitten under control. Had he not

6

engaged the dog on Whitten, Gunter believed Brown would have been killed. Based on this testimony, the credibility and value of which we will not reweigh, Whitten cannot show that there was a complete absence of probative facts to support the jury's verdict.

We have reviewed the other claims Whitten raised in his informal brief and supplemental informal brief and have determined that they are without merit. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

7